State v. Lee

---

STATE OF NORTH CAROLINA v. FREDDIE LEE

No. 741SC309

(Filed 17 April 1974)

**Constitutional Law § 32— indigent defendant — denial of counsel error**
    Trial court in a common law robbery case erred in concluding that defendant was not indigent and in denying him an attorney at his trial.

APPEAL by defendant from *Martin (Perry), Judge,* 29 October 1973 Session of Superior Court held in PERQUIMANS County.

By indictment proper in form, defendant was charged with common law robbery. He pleaded not guilty, a jury found him guilty as charged, and he appeals from judgment imposing prison sentence of not less than eight nor more than ten years.

*Attorney General Robert Morgan, by Associate Attorney Robert R. Reilly, for the State.*

*Merrill Evans, Jr., for defendant appellant.*

BRITT, Judge.

Defendant's assignment of error that the trial court erred in failing to provide him with an attorney at his trial must be sustained.

The record discloses:

On 25 August 1973, a warrant was issued charging defendant with common law robbery on that date. The warrant was executed on 31 August 1973. On 19 September 1973, defendant executed an "Affidavit of Indigency" declaring that he was financially unable to employ counsel and requesting the appointment of counsel. In his affidavit he listed no resources but stated that his income was $100 to $150 per week and that he had posted a cash bond in amount of $500. The district court denied the request for appointment of counsel, found probable cause and bound defendant over to superior court.

Indictment was returned in superior court on 29 October 1973. On 31 October 1973, defendant executed another "Affidavit of Indigency" in which he listed no resources but stated that he was employed in Norfolk, Virginia, that his income was from $70 to $300 per week, that his $500 cash bond was posted by a friend, and that he owed a $300 hospital bill. Again defendant declared that he was financially unable to employ counsel and requested that counsel be assigned for him. Judge Martin found that defendant was not indigent and refused to assign counsel. Defendant was placed on trial without counsel on 1 November 1973, and a verdict of guilty was returned and judgment entered on the same date.

Following the entry of judgment, the court advised defendant of his right to appeal and, if indigent, to have a transcript of the trial and an attorney provided at State expense. Defendant stated his desire to appeal, again stated that he was unable financially to employ counsel, and requested that counsel be appointed to perfect his appeal. The court entered an order reviewing the proceedings in the case, concluded that "defendant is now indigent within the meaning of the law," and appointed counsel to represent defendant on appeal. Among other things, the order contains the following: " * * * and it appearing to the Court that the defendant had been incarcerated for some period of time prior to his trial in the superior court of Perquimans County * * * . "

We recognize the difficulty the trial courts have in determining whether a defendant is indigent. In this case, the district court judge no doubt thought that defendant himself posted the $500 cash bond and, therefore, was financially able to employ counsel. However, later indications are that a friend posted the

bond, and that the bond was rescinded and defendant incarcerated "some time" prior to his trial in superior court. Obviously, the statement in the 31 October 1973 affidavit that defendant's "present" income was from $70 to $300 a week referred to weeks when defendant was working and not when he was in jail. We hold that the court erred in concluding that defendant was not indigent and denying him an attorney at his trial.

For the reasons stated, the judgment appealed from is vacated and this cause is remanded for a

New trial.

Judges HEDRICK and CARSON concur.